IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MITSUBISHI MOTORS NORTH AMERICA, INC., | ) ) ) | |
| Plaintiff, | ) | |
| -v- | ) ) | Case No. |
| MICHAEL MOTORS, LTD. d/b/a WINDY CITY MOTORS, | ) ) ) | |
| Defendant. | ) | |

## **COMPLAINT**

Plaintiff, Mitsubishi Motors North America, Inc. ("MMNA" or "Plaintiff"), brings this complaint against defendant Michael Motors, Ltd. d/b/a Windy City Motors ("Windy City" or "Defendant"), for false designation of origin, unfair competition, and deceptive trade practices. As its complaint against Defendant, Plaintiff states as follows:

## **NATURE OF THE ACTION**

1.      This is an action for false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; consumer fraud pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et seq.*; and deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1, *et seq.*  This action results from, *inter alia*, Defendant's unfair competition and deceptive trade practices through its unauthorized use of the federally-registered MITSUBISHI and "three-diamond logo" marks on Defendant's signs and other advertising, in connection with its marketing, advertising and sale of automobiles in interstate commerce.

1024000

2.      Despite knowledge of Plaintiff's extensive, licensed use of the federally-registered MITSUBISHI trademark and "three-diamond logo", Defendant has used these source identifiers in connection with its own competing business, thereby causing damage to Plaintiff and consumer fraud.  Because of the immediate and irreparable harm caused by Defendant's improper use of MMNA's trademarks, Plaintiff seeks preliminary and permanent injunctive relief and damages for Defendant's illegal and unauthorized acts.

## THE PARTIES

3.      MMNA is a California corporation, with its principal place of business at 6400 Katella Avenue, Cypress, California 90630.

4.      On information and belief, Defendant is an Illinois corporation, operating under the assumed name "Windy City Motors" at 2662 North Cicero Avenue, Chicago, Illinois.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, and over Plaintiff's related common law claim under 28 U.S.C. §1367.  This Court has personal jurisdiction over Windy City pursuant to 735 ILCS §5/2-209.

6.      Venue properly lies in this district under 28 U.S.C. § 1391(b) because Windy City operates and can be found in the judicial district.  Furthermore, venue properly lies in this district under 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to the claims continue to occur in this jurisdiction.

## FACTS

7.      MMNA is a well-known corporation which distributes and sells, throughout the United States, among other products, Mitsubishi motor vehicles, parts and accessories.

2

1024000

8.     Plaintiff has been licensed by its parent corporation, Mitsubishi Motors Corporation, a Japanese corporation—owner of certain "MITSUBISHI" trademarks—with the right to use these marks throughout the United States, and, as it relates to the infringement described in this action, to enforce those rights.

9.     The marks MITSUBISHI and the "three-diamond logo" are often used in combination with one another and have been and continue to be widely publicized through substantial advertising in the State of Illinois and throughout the United States, and sales of motor vehicles under these marks have been and are substantial.  MMNA and its affiliates have expended substantial sums in advertising and promoting the MITSUBISHI and the "three-diamond logo" trademarks (collectively, the "Mitsubishi Trademarks") for motor vehicles, parts and accessories, and sales of goods bearing the Mitsubishi Trademarks have amounted to many millions of dollars.

10.     Plaintiff has been licensed to use, among other marks, U.S. Trademark Registration No. 844,427, issued February 20, 1968, for the mark "MITSUBISHI" and U.S. Trademark Registration No. 931,665, issued April 4, 1972, for the "three-diamond logo."  These U.S. Patent and Trademark Office registrations are incontestable and are *prima facie* evidence of Mitsubishi Motors Corporation's exclusive ownership and right to license these marks to Plaintiff as provided by Sections 7 and 22 of the Trademark Act of 1946, 15 U.S.C. §§ 1057 and 1072.

11.     The fame, strength and distinctiveness of the Mitsubishi Trademarks are beyond dispute.

12.     As a result of its long, widespread, and extensive use and promotion of these designations under license, the Mitsubishi Trademarks have come to identify and distinguish

3

1024000

Plaintiff's goods and services from the goods, services, and businesses of others. As a result, the Mitsubishi Trademarks are of great value to Plaintiff in connection with the offering of its goods and services.

13. On information and belief, Windy City owns or leases certain property located at 2662 North Cicero Avenue, Chicago, Illinois (the site of a former Mitsubishi dealership), on which Windy City operates a used car lot (the "Location").

14. The Mitsubishi Trademarks are prominently displayed on Defendant's signage at the Location as illustrated in **Exhibit A**. The presence of the Mitsubishi Trademarks on Defendant's signs is detrimental to Plaintiff's reputation and rights, and creates in the minds of consumers a highly unfavorable and false impression of the quality of MITSUBISHI-branded products and services.

15. As reflected in a series of letters and emails attached as **Exhibit B**, MMNA has repeatedly requested Windy City to remove these trademarks from its property.

16. Despite these requests, and despite having committed to doing so, Windy City has failed to remove these trademarks, and continues to deliberately damage Plaintiff's trademark rights and public image by displaying the marks at the Location.

17. Windy City's acts constitute false designation of origin and unfair competition under both 15 U.S.C. § 1051, *et seq*. (the "Lanham Act") and Illinois law. Further, Windy City's acts in deliberately using the Mitsubishi Trademarks after receiving final notice constitute a willful violation of Plaintiff's rights, entitling MMNA to treble damages and attorneys' fees.

<u>**COUNT I**</u>
**FALSE DESIGNATION OF ORIGIN**
**[15 U.S.C. § 1125(a)]**

4

1024000

18.     Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 17 above.

19.     By using the Mitsubishi Trademarks in connection with the sale of automobiles, Defendant has created a substantial likelihood that consumers will be misled or confused with respect to the origin of the products and services offered at the Location and will believe that such products and services originated with and/or were approved, supported, endorsed and/or guaranteed by Plaintiff.

20.     Defendant's conduct constitutes willful and intentional false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Plaintiff is accordingly entitled to recover exemplary damages, its costs and attorneys' fees.

21.     As a result of Defendant's willful and intentional acts, Plaintiff has suffered and continues to suffer substantial and irreparable injury and damage.  Unless enjoined by this Court, such acts will continue and, in so continuing, will cause damage and irreparable injury to Plaintiff.

WHEREFORE, Plaintiff prays that this Court:

A. Find that Defendant has committed violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) in that its use of the Mitsubishi Trademarks constitutes a false designation of origin;

B. Preliminarily and permanently enjoin Defendant from using or displaying any of the registered Mitsubishi Trademarks at the Location;

C. Order that Defendant immediately remove all registered Mitsubishi Trademarks from the Location;

D. Order an accounting of Defendant's profits from the sale of automobiles and offering of services at the Location and order Defendant to disgorge those profits to Plaintiff;

E. Order Defendant to engage in corrective advertising to dispel the confusion caused by its false designation of origin;

5

1024000

F.  Award Plaintiff its damages in an amount to be proved at trial;

G.  Award Plaintiff punitive or exemplary damages, pursuant to 15 U.S.C. §1117(a), on account of Defendant's intentional and willful acts;

H.  Award Plaintiff its costs and attorneys' fees, pursuant to 15 U.S.C. § 1117(a); and

I.  Award Plaintiff such other and further relief that the Court deems just and proper.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## [15 U.S.C. § 1125(a)]

22.     Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 17 above.

23.     By using the Mitsubishi Trademarks in connection with the sale of automobiles with previous and continuing knowledge of Plaintiff's rights, Defendant has willfully and materially misrepresented the nature, characteristics, and qualities of its products and services and has created a likelihood of confusion, deception or mistake on the part of the consuming public.

24.     Defendant's conduct constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Plaintiff is accordingly entitled to recover exemplary damages, its costs and attorneys' fees.

25.     As a result of Defendant's willful and intentional acts, Plaintiff has suffered and continues to suffer substantial and irreparable injury and damage.  Unless enjoined by this Court, such acts will continue and, in so continuing, will cause damage and irreparable injury to Plaintiff.

WHEREFORE, Plaintiff prays that this Court:

A.  Find that Defendant has committed violations of Section 43(a) of the Lanham Act in that its use of the Mitsubishi Trademarks constitutes unfair competition;

6

1024000

B.  Preliminarily and permanently enjoin Defendant from using or displaying any of the Mitsubishi Trademarks at the Location;

C.  Order that Defendant immediately remove all registered Mitsubishi Trademarks from the Location;

D.  Order an accounting of Defendant's profits from the sale of automobiles and offering of services at the Location and order Defendant to disgorge those profits to Plaintiff;

E.  Order Defendant to engage in corrective advertising to dispel the confusion caused by its unfair competition;

F.  Award Plaintiff its damages in an amount to be proved at trial;

G.  Award Plaintiff punitive or exemplary damages, pursuant to 15 U.S.C. §1117(a), on account of Defendant's intentional and willful acts;

H.  Award Plaintiff its costs and attorneys' fees, pursuant to 15 U.S.C. § 1117(a); and

I.  Award Plaintiff such other and further relief that the Court deems just and proper.

<u>**COUNT III**</u>
**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**[815 ILCS § 510/1, *et seq*.]**

26.  Plaintiff re-alleges and incorporates herein by referenced the allegations contained in Paragraphs 1 through 17 above.

27.  The Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §510/1, *et seq*., provides that a person engages in deceptive trade practices when, *inter alia*, he "(1) passes off goods or services as those of another; (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; (3) causes likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another; ... [or] (5) represents that goods or services have sponsorship, approval, characteristics,...that they do not have" ... regardless of whether or not there is "competition between the parties or actual confusion or misunderstanding."  815 ILCS § 510/2.

7

1024000

28.     By using the Mitsubishi Trademarks in connection with the sale of automobiles, Defendant trades on the business reputation of Plaintiff with the intention of deceiving the public into believing that Defendant is affiliated, connected or associated with Plaintiff in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §510/1-7.

29.     Plaintiff has been and is being damaged by such violation and has no adequate remedy at law.  Defendant's unlawful and willful conduct will continue to damage Plaintiff unless enjoined by this Court.

30.     Based on Defendant's previous and continuing knowledge of the federally-registered Mitsubishi Trademarks and continued activities, Windy City's violation of the Illinois Uniform Deceptive Trade Practices Act is willful.

WHEREFORE, Plaintiff prays that this Court:

A.  Find that Defendant has committed violations of 815 ILCS § 510/1 *et seq.* in that by using the Mitsubishi Trademarks, Defendant is damaging Plaintiff by making advertisements, announcements, statements and representations which are untrue, deceptive and misleading;

B.  Preliminarily and permanently enjoin Defendant from using or displaying any of the Mitsubishi Trademarks at the Location;

C.  Order that Defendant immediately remove all registered Mitsubishi Trademarks from the Location;

D.  Order an accounting of Defendant's profits from the sale of automobiles and offering of services at the Location and order Defendant to disgorge those profits to Plaintiff;

E.  Order Defendant to engage in corrective advertising to dispel the confusion caused by its deceptive trade practices;

F.  Award Plaintiff its damages in an amount to be proved at trial;

G.  Award Plaintiff punitive or exemplary damages, pursuant to 815 ILCS § 510/3 on account of Defendant's intentional and willful acts;

H.  Award Plaintiff its costs and attorneys' fees, pursuant to 815 ILCS § 510/3; and

I.  Award Plaintiff such other and further relief that the Court deems just and proper.

8

<u>COUNT IV</u>
**VIOLATION OF ILLINOIS CONSUMER FRAUD AND
DECEPTIVE BUSINESS PRACTICES ACT
[815 ILCS § 505/1, *et seq.*]**

31.     Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraph 1 through 16 above.

32.     The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/1, *et seq.*, makes "the use or employment of any deception[,] fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact,...or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act ... in the conduct of any trade or commerce" unlawful, regardless whether "any person has in fact been misled, deceived or damaged thereby."  815 ILCS § 505/2.

33.     Defendant's continuing unauthorized use of the Mitsubishi Trademarks so as to mislead and deceive the public by suggesting an association, connection or affiliation of Windy City with Plaintiff is an unfair method of competition and a deceptive act or practice in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1-12.

34.     Plaintiff has been and is being damaged by such violation and has no adequate remedy at law.  Defendant's unlawful conduct will continue to damage Plaintiff unless enjoined by this Court.

35.     Based on Defendant's previous and continuing knowledge of the federally-registered Mitsubishi Trademarks and continued activities, Windy City's violation of the Illinois Consumer Fraud and Deceptive Business Practices Act is willful.

        WHEREFORE, Plaintiff prays that this Court:

1024000

A. Find that Defendant has committed violations of 815 ILCS § 505/1 *et. seq.* in that by using the Mitsubishi Trademarks, Defendant is damaging Plaintiff by making advertisements, announcements, statements and representations which are untrue, deceptive and misleading;

B. Preliminarily and permanently enjoin Defendant from using or displaying any of the Mitsubishi Trademarks at the Location;

C. Order that Defendant immediately remove all registered Mitsubishi Trademarks from the Location;

D. Order an accounting of Defendant's profits from the sale of automobiles and offering of services at the Location and order Defendant to disgorge those profits to Plaintiff;

E. Order Defendant to engage in corrective advertising to dispel the confusion caused by its deceptive business practices;

F. Award Plaintiff its damages in an amount to be proved at trial;

G. Award Plaintiff punitive or exemplary damages, pursuant to 815 ILCS § 505/10, on account of Defendant's intentional and willful acts;

H. Award Plaintiff its costs and attorneys' fees, pursuant to 815 ILCS § 505/10; and

I. Award Plaintiff such other and further relief that the Court deems just and proper.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

36.     Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 16 above.

37.     By using the common law Mitsubishi Trademarks in connection with its sale of automobiles, Defendant has materially misrepresented the nature, characteristics, and qualities of its products and services and has created a likelihood of confusion, deception or mistake on the part of the consuming public.

38.     Defendant's conduct constitutes unfair competition in violation of Illinois common law and has damaged and is likely to continue to damage Plaintiff.

WHEREFORE, Plaintiff prays that this Court:

1024000

A.  Find that Defendant's use of the Mitsubishi Trademarks constitutes common law unfair competition;

B.  Preliminarily and permanently enjoin Defendant from using or displaying any of the Mitsubishi Trademarks at the Location;

C.  Order that Defendant immediately remove all registered Mitsubishi Trademarks from the Location;

D.  Order an accounting of Defendant's profits from the sale of automobiles and offering of services at the Location and order Defendant to disgorge those profits to Plaintiff;

E.  Order Defendant to engage in corrective advertising to dispel the confusion caused by its infringement;

F.  Award Plaintiff its damages in an amount to be proved at trial; and

G.  Award Plaintiff such other and further relief that the Court deems just and proper.

## JURY DEMAND

Mitsubishi Motors North America, Inc. demands a trial by jury for all issues so triable.

Dated:  December  2, 2015                    Respectfully submitted,


By:  /s/ James R. Vogler

James R. Vogler
Sharon E. Calhoun
BARACK FERRAZZANO
KIRSCHBAUM & NAGELBERG LLP
200 W. Madison Street
Suite 3900
Chicago, Illinois 60606
(312) 984-3100
(312) 984-3150 (facsimile)

Attorney for Plaintiff
Mitsubishi Motors North America, Inc.

11

1024000